# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES JIMENEZ, et. al., | CASE NO. CV-F-07-1689 LJO DLB |
| Plaintiff, | ORDER DISMSSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| SULLIVAN, et. al., | |
| Defendant. | |

## BACKGROUND

Plaintiff Frances Jimenez, who is proceeding in propria persona, has submitted a complaint which purports to be a complaint on behalf of herself and also on behalf of two named plaintiffs who did not sign the complaint. Plaintiff, a lay person, cannot represent other party in an action. Fed. R. Civ.P. 11(a) requires that every paper filed in an action shall be signed by an attorney of record or by the party if not represented by an attorney. Further, Local Rules 7-131(b) provides that all pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them or by the party involved if that party is appearing in propria persona; the name of the person signing the document shall be typed underneath the signature.

In the interest of the efficient administration of justice, the court construes plaintiff's complaint as pertaining only to her, DISREGARDS the other names identified in the caption.

**DISCUSSION**

**Standards For Screening**

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). This Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2003) Attacking the Pleadings, para. 9:226.1, pp. 9-61 – 9-62.

**General Deficiencies**

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e)     Pleading to be Concise and Direct; Consistency.
>
> (1)     Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

Plaintiff's complaint fails to comply with Rule 8. The complaint lacks a short, plain statement of plaintiff's claim. Based on the defendants named, it appears that plaintiff is alleging that she was assaulted while visiting an inmate in prison. However, this is not clear from the actual allegations. Plaintiff's ability to bring such a claim arises under the Civil Rights Act, 42 U.S.C. § 1983, which provides redress for violations of federally protected rights committed by persons acting under color of law. At a minimum, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the act complained of was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981). To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1993). Thus, the statute plainly requires that there be an actual causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Plaintiff names numerous defendants in the caption of the complaint but she fails to link each defendants with an alleged deprivation of her rights. The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by other which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. International Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff has therefore failed to link alleged deprivations with the Defendants and has failed to state a claim against them.

Insofar as Plaintiff names the Department of Corrections, she may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks,* 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). Because the Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit.

Insofar as plaintiff names particular defendants, such as Wardens Sullivan and Evans based on their supervisorial positions, plaintiff is advised that under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff will be given an opportunity to amend the complaint to cure these deficiencies identified in this order, if she wishes to do so. If plaintiff chooses to file an amended complaint, she is advised that the Court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.

1  This is because, as a general rule, an amended complaint supercedes the original complaint. See <u>Loux</u>
2  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original
3  pleading no longer serves any function in the case.

### **CONCLUSION**

Accordingly, Plaintiff's complaint is HEREBY DISMISSED with leave to amend. Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action. If Plaintiff does not file an amended complaint within this time frame, the Court will issue a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    January 16, 2008**                  **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE