1

2

3

4

5

6

7

8

9            **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   FRANCES JIMENEZ, et. al.,              CASE NO. CV-F-07-1689 LJO DLB

13              Plaintiff,                  FINDINGS AND RECOMMENDATIONS RE
                                            DISMISSAL FO ACTION FOR FAILURE TO
14                                          STATE A CLAIM UPON WHICH RELIEF CAN
                                            BE GRANTED          _____
15        vs.

16   SULLIVAN, et. al.,

17              Defendant.
     _____/
18

19                          **BACKGROUND**

20   _____Plaintiff Frances Jimenez, who is proceeding in propria persona, has submitted an amended

21   complaint after her original complaint was dismissed for failure to state a claim.  Plaintiff's amended

22   complaint again purports to be a complaint on behalf of herself and also on behalf of two named

23   plaintiffs who did not sign the complaint.   As plaintiff was previously advised, as a lay person, she

24   cannot represent another party in an action.  Fed. R. Civ.P. 11(a) requires that every paper filed in an

25   action shall be signed by an attorney of record or by the party if not represented by an attorney.  Further,

26   Local Rule 7-131(b) provides that all pleadings and non-evidentiary documents shall be signed by the

27   individual attorney for the party presenting them or by the party involved if that party is appearing in

28   propria persona; the name of the person signing the document shall be typed underneath the signature.

1

1

2    As with her original complaint, in the interest of the efficient administration of justice, the court

3    construes plaintiff's amended complaint as pertaining only to her and DISREGARDS the other names

4    identified in the caption.

5    <u>**DISCUSSION**</u>

6    <u>**Standards For Screening**</u>

7    "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

8    may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

9    *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  This

10   Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the

11   Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted,

12   or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima

13   & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2003) Attacking the

14   Pleadings, para. 9:226.1, pp. 9-61 – 9-62.

15   <u>**General Deficiencies**</u>

16   F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

17       (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall
         contain (1) a short and plain statement of the grounds upon which the court's jurisdiction
18       depends, unless the court already has jurisdiction and the claim needs no new grounds
         of jurisdiction to support it, (2) a short plain statement of the claim showing that the
19       pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader
         seeks.

20
             . . .
21
         (e)      Pleading to be Concise and Direct; Consistency.
22
         (1)      Each averment of a pleading shall be simple, concise and direct.
23
24   A pleading may not simply allege a wrong has been committed and demand relief.   The

25   underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

26   upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v.*

27   *United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need not

28   outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements

2

1  exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB*

2  *Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).  Despite the flexible pleading policy of

3  the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the

4  claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

5  A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged

6  in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.

7         Plaintiff's amended complaint once again fails to comply with Rule 8.  The amended complaint

8  lacks a short, plain statement of plaintiff's claim.  Based on the defendants named, it appears that

9  plaintiff is alleging that she was assaulted while visiting her son in prison.  However, her allegations are

10  vague and confusing and therefore failure to comply with Rule 8.

11         Plaintiff's ability to bring such a claim arises under the Civil Rights Act, 42 U.S.C. § 1983,

12  which provides redress for violations of federally protected rights committed by persons acting under

13  color of law.  At a minimum, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege

14  that: (1) a person was acting under color of state law at the time the act complained of was committed;

15  and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the

16  Constitution or laws of the United States.  *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).  To warrant relief

17  under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused

18  the deprivation of his constitutionally protected rights.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.

19  1993).  Thus, the statute plainly requires that there be an actual causal connection or link between the

20  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v.*

21  *Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

22         Plaintiff names numerous defendants in the caption of the complaint but she fails to link most

23  of them with an alleged deprivation of her rights.  While plaintiff states that Sergeant Waddle assaulted

24  her, she does not provide any information as to the circumstances.  The Ninth Circuit has held that "[a]

25  person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983,

26  if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which

27  he is legally required to do that causes the deprivation of which the complaint is made."  *Johnson v.*

28  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, the requisite causal connection can be established not

3

1   only by some kind of direct personal participation, but also by setting in motion a series of acts by other

2   which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

3   Id.   This standard of causation "...closely resembles the standard 'foreseeability' formulation of

4   proximate cause." *Arnold v. International Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

5          Insofar as Plaintiff names the Department of Corrections , Tehachapi State Prison and Salinas

6   Valley State Prison, she may not sustain an action against these state agencies.   The Eleventh

7   Amendment prohibits federal courts from hearing suits brought against an unconsenting state.   *Brooks*

8   *v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also*

9   *Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v.*

10  *Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th

11  Cir. 1991).   The Eleventh Amendment bars suits against state agencies as well as those where the state

12  itself is named as a defendant.   *See Natural Resources Defense Council v. California Dep't of Tranp.*,

13  96 F.3d 420, 421 (9th Cir. 1996); *Brooks,* 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

14  1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh

15  Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir.

16  1989).   Because the Department of Corrections, Tehachapi State Prison and Salinas Valley State Prison

17  are state agencies, they are entitled to Eleventh Amendment immunity from suit.

18         Insofar as plaintiff names particular defendants, such as Wardens Sullivan and Evans based on

19  their supervisorial positions, as plaintiff was previously advised, under section 1983, liability may not

20  be imposed on supervisory personnel for the actions of their employees under a theory of respondeat

21  superior.   When the named defendant holds a supervisorial position, the causal link between the

22  defendant and the claimed constitutional violation must be specifically alleged.   *See Fayle v. Stapley*,

23  607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied,

24  442 U.S. 941 (1979).   To state a claim for relief under section 1983 for supervisory liability, plaintiff

25  must allege some facts indicating that the defendant either: personally participated in the alleged

26  deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

27  promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

28  rights' and is 'the moving force of the constitutional violation.'"   Hansen v. Black, 885 F.2d 642, 646

4

1   (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

2          Finally, to the extent plaintiff seeks to bring a claim on behalf of her son based on alleged

3   violations of the Eighth Amendment, she may not do so.  As discussed, as a lay person, plaintiff may

4   not represent another party in this action.

5          Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the

6   plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile.

7   <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Plaintiff was already given an opportunity

8   to cure the deficiencies identified by the Court in its prior order and she was unable to do so.  Thus, it

9   appears granting leave to amend the complaint would be futile.  Accordingly, the Court recommends that

10  the complaint be dismissed without leave to amend for failure to state a claim.

11                                    <u>RECOMMENDATION</u>

12         These Findings and Recommendation are submitted to the District Court pursuant to the

13  provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these Findings and

14  Recommendation, Plaintiff may file written objections with the Court.  Such a document should be

15  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

16  failure to file objections within the specified time may waive the right to appeal the District Court's

17  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18         IT IS SO ORDERED.

19  **Dated:    August 27, 2008**            **/s/ Dennis L. Beck**
20                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                        5